IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>SCOTT MITCHELL TWAIT a/k/a )<br>SCOTT M. TWAIT a/k/a SCOTT TWAIT; )<br>WENDY SUE TWAIT a/k/a WENDY S. )<br>TWAIT; RONALD DRALLE; )<br>JEFFREY G. DRALLE; LYNCH )<br>LIVESTOCK, INC. d/b/a SPILLVILLE )<br>MILL; DEMRO ELECTRIC, INC.; )<br>DECORAH BANK & TRUST CO. and the )<br>STATE OF IOWA, JASON JORDAN, )<br>)<br>Defendants )<br>) | Civil No. C08-2058EJM |

## JUDGMENT AND DECREE OF FORECLOSURE

This matter is before the Court on Plaintiff's Motion for Partial Default Judgment. Plaintiff is entitled to judgment as a matter of law, as further described herein. The Motion for Partial Default Judgment is granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over all parties, the defendants having been properly served, and the defendants being in default and/or have consented to the decree. Accordingly, the Motion for Partial Default Judgment is granted.

2. Judgment is hereby rendered *in rem* against the mortgaged premises (described below) and *quasi in rem* against Defendants Scott M. Twait and Wendy S. Twait, Ronald Dralle, Jeffrey G. Dralle, Lunch Livestock, Inc. d/b/a Spillville Mill, Demro

1

Electric, Inc., State of Iowa and Jason Jordan affecting their interest in the mortgaged premises for the total sum of $258,038.72 principal and $19,688.98 interest as of February 27, 2009, plus interest accruing thereafter at a rate of $30.3704 per day to this date totalling $ 820.00 , plus costs of this action in the total amount of $1,061.69 ($429.00 abstract continuation fee $282.69 costs for service of complaint, amended complaint and summons, and $350 court costs), and statutory interest after judgment.

That part of the action herein seeking *in personam* judgment against defendants Scott M. Twait and Wendy S. Twait and judgment against the personal property is held in abeyance until such time as the stay has been lifted on the personal property and/or the debt has been discharged in bankruptcy court. However, plaintiff may proceed to execute on this partial judgment as to the real estate since the bankruptcy stay has been lifted in that regard.

2. Plaintiff's mortgage is hereby established and declared to be first, superior and paramount lien on the real estate described below. All the rights, title and interest, claims and liens in and to the real property which the defendants claim or may have therein, whether the rights, title, interest, claims or liens be legal or equitable, are hereby decreed to be subsequent, inferior and junior to the right, title, interest, claims and lien of the plaintiff.

3. Plaintiff's mortgage is hereby foreclosed for the full amount of this Judgment. This Judgment is decreed to be a lien on the mortgaged property from October 30, 2003. Defendants and all persons claiming by, through, and under them

are barred and foreclosed from all rights, title and interest in the real property with no post sale right of redemption.

4. A Writ of Special Execution shall issue against the following real property situated in Floyd County, Iowa:

> Parcel A in the Southeast Quarter of the Southeast Quarter of Section 9, Township 94 North, Range 15 West of the 5th P.M., Floyd County, Iowa and more particularly described as follows: Beginning at the Southeast Corner of said Section; Thence North 89°-50'-16" West (Assumed Bearing) 530.68 feet along The South Line of said Section and Centerline of County Road/270th Street; Thence North 00°-20'-20" West 985.00 feet; Thence South 89°-50'-16" East 530.68 feet to the East Line of said Section and Centerline of County Road/Victory Avenue; Thence South 00"-20'-20" East 985.00 feet along said East Line and Centerline to the Point of Beginning. Containing 12.000 acres, including 1.386 acres of County Roads/Victory Avenue and 270th Street Rights-of-Way, Subject to easements of record.

Under the Writ of Special Execution, the United States Marshal for the Northern District of Iowa or his representative is commanded to sell the real property in aid and enforcement of this Judgment at public sale in accordance with 28 U.S.C. §§ 2001-2003. The sale shall be subject to any unpaid real property taxes or special assessments.

5. The United States Marshal shall give public notice of the time and place of the sale in the manner provided by law, and the publication shall be in a regularly issued newspaper of general circulation within Floyd County, Iowa, published once a week at least four (4) weeks prior to the sale.

6. If the plaintiff shall be the successful bidder at the sale, the United States Marshal may take the receipt of the plaintiff in lieu of cash payment.

7. The United States Marshal shall make and execute to the purchaser at the sale a Certificate of Purchase, stating the price thereof, and shall deliver same to the purchaser and also make report of the sale to this Court.

8. If the property is purchased by a bid other than that of the plaintiff, after deducting the costs of the sale from the proceeds thereof, the Marshal shall deposit the proceeds with the Clerk of Court pending confirmation of the sale and direction by the Court as to payment of the proceeds.

9. If the sale is confirmed by this Court, there being no right of redemption, a Marshal's Deed shall issue forthwith to the purchaser at the sale, or his heirs, representatives, or assigns, and possession of the premises sold shall be given to the holder of the Deed. If the holder of the Deed is denied possession, a Writ of Assistance may issue out of this Court upon the filing of a proper Praecipe and without further order of this Court. The Writ shall be issued to place the holder of the deed in the peaceable possession of the real property.

10. Out of the proceeds arising from the sale there will be satisfied in the following order as far as the same shall be sufficient:

    a. The costs of the sale and of this action;

    b. Plaintiff's *in rem* Judgment against the property and *quasi in rem* against Defendants Scott M. Twait and Wendy S. Twait;

    c. The balance thereof, if any, to be brought into the Court to await further order.

11. The Court shall retain jurisdiction of this matter to the extent necessary to resolve any remaining issues after the marshal's sale is completed.

March 26, 2009

EDWARD J. MCMANUS, Judge
UNITED STATES DISTRICT COURT